# EXHIBIT 4

MORGAN JONES



Judge Technical Staffing | Four Falls Corporate Center, 300 Conshohocken State Road, Suite 300
West Conshohocken, PA 19428-2949 | phone: (610) 667-7700 | fax: (610) 667-1058 | www.judge.com

**TECHNICAL STAFFING**



## TEMPORARY W-2 ASSIGNMENT AGREEMENT FOR CITI PROFESSIONAL

| | | | |
|---|---|---|---|
| Contractor: | Morgan Jones | Rate: | $47.79/Hr |
| Position: | Project Manager | Start Date: | July 18, 2011 |
| Supervisor: | Mark Michalski | *Estimated Length: | 6+ months |
| Company: | Citigroup | | |

MJ  7/11/11
Consultant's Initial/Date

\* Length may be shortened with or without notice \*

### TERMS OF AGREEMENT

1. I understand that I am an exempt IT professional. I further understand that I am expected to work a professional day. I will not be paid for more than eight hours in a day, unless I work more than 10 hours in a day. If I work more than 10 hours in a day and the manager approves, I will be entitled to be paid an additional fee for services provided after the 11th hour. If I have questions about my pay, I understand that I am to speak with my recruiter or Judge's General Counsel to resolve any issues I may have. In no event shall I discuss my pay with the client.

2. I further understand that notwithstanding this agreement, the assignment may be canceled or discontinued before I begin work. Should that happen, neither Judge nor the client company shall have any obligation to me, nor will I be entitled to damages or other monies. I understand that the length of assignment is approximate and is subject to the will of the client.

3. I understand that I am an employee of Judge and only I or Judge can terminate my employment. When an assignment ends I must contact the Judge office for my next job assignment.

4. I understand that I am an employee at will with Judge. This means that my employment with Judge is to continue only at the mutual will of both myself and the Company. Either I or Judge may terminate my employment relationship at anytime, for any reason, with or without cause. I understand that if employed, my employment will not be for any fixed period of time and may be terminated by the company at any time. I also understand and agree that I may be expected to work on a wide variety of assignments.

5. I understand that if I choose to leave my employment with Judge, I am required to give at least two weeks notice so that Judge will be able to find a replacement for me.

6. I shall not accept employment directly or indirectly, nor shall I solicit or enter into any contract or consulting assignment with the above-named client or any agent, representative, or vendor for a period of one year following the termination of my employment with Judge. (Unless authorized by a Judge Representative).

7. I understand that for one year from the signing of this agreement, I will not be entitled to a rate of pay increase. I shall not divulge nor negotiate my rate of pay prior to, during, or following the interview with the above-mentioned client. I understand that this rate is a confidential matter between my Branch Office and me. Any violation of this agreement is grounds for immediate dismissal.

8. I agree that all information and data as well as every invention, discovery and improvement (collectively "Work Product") that I conceive, develop, make, reduce to practice or acquire in performing contract services under this Agreement will belong to Client, without further consideration, and with no limitations whatsoever. The Client shall own all right, title and interest, including any and all copyrights, patents, trademarks, trade secrets and other intellectual property rights to the Work Product. To the extent permitted by law, the Work Product shall be considered a "Work Made For Hire."

9. I acknowledge that, by the very nature of the services I will perform I may become aware of Judge's and/or Client's trade secrets and other confidential information. I agree that I shall use such information only to accomplish the project and for no other purpose.

10. If Judge has paid to transfer my visa, I understand that if I voluntarily terminate my employment with Judge or am terminated for cause within 52 months from the time Judge has paid to transfer my visa, I shall repay to Judge the cost of the transfer.

Contract Staffing | Permanent Placement | Executive Search | Business Technology Solutions | Berkeley Training | StaffingLogic VMS

Atlanta, GA | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Detroit, MI | Jacksonville, FL | Matawan, NJ | Minneapolis, MN
New York, NY | Orlando, FL | Philadelphia, PA | Providence, RI | Raleigh, NC | San Diego, CA | San Francisco, CA | St. Louis, MO | Tampa, FL | Washington, DC

11. I shall submit my hours no later than 12:00 p.m. on the Monday following the week worked. (Failure to do so will result in a delay in processing checks.)

12. I shall submit a client-signed approved time card to Judge to be received by the Tuesday at 10:00 a.m. following the week worked.

13. I will not receive my check nor will I be entitled to monies until my approved timecard is received. I will call both my Judge Representative and Company Supervisor if I will be absent from or late for work. I realize that I will not be compensated for such time. I understand that I am not entitled to take any time off during the length of this assignment. In the event of an emergency or illness, I will contact Judge as soon as possible. I understand that I am to speak only to Judge and not to the Client about time off. Breach of this provision may be grounds for dismissal.

14. I understand that if a client company closes due to inclement weather or a holiday, or for whatever reason, I shall not receive compensation unless I am able to arrange make-up time.

15. I will immediately report any accident sustained during this assignment at or on business for the client company. If I sustain an injury on the job, I will inform the client and Judge immediately after the accident. Judge will coordinate with the client and take the proper procedure for treatment and reporting of the accident.

16. I understand that this employment opportunity is subject to the discretion of the client company, and I will not be compensated for employment unless actually hired by Judge for this specific assignment.

17. Judge has a very strict "NO DRUG POLICY" and I have signed a consent form to submit to drug testing as may be required. I understand that any failure to comply with this agreement will be grounds for my immediate termination.

18. I hereby declare that all statements contained in my application/resume are true and correct and understand that false or inaccurate information in the application/resume will be the basis for termination. I hereby authorize the company to investigate my background and verify this information. I am not aware of any negative information that would appear in a background investigation. I further authorize the company to release the information contained herein and its findings and work history of my employment to the Client upon request.

19. I shall sign and return my contract, W-4, I-9 with copies of two (2) forms of identification, post medical, medical release, personal literacy authorization form, safety form, harassment policy, and substance abuse policy and consent within two (2) business days to ensure proper processing. Failure to do so will result in a delay of my paycheck.

20. I understand that if I bring personal belongings to the worksite, I do so at my own risk. Neither Client nor Judge shall insure the security or safe return of any item I bring to the worksite. I further understand that I have no expectation of privacy in any materials brought to the workplace.

DATE: 7/11/11            EMPLOYEE SIGNATURE: _Morgan C. Jones_

DATE: _____        APPROVED BY: _____