**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MORGAN JONES, Individually, and on Behalf of All Others Similarly Situated** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 11-6910** |
| | : | |
| **JUDGE TECHNICAL SERVICES, INC.** | : | |
| | : | |
| **Defendant.** | : | |

<u>**ORDER**</u>

**AND NOW,** this 7th day of August, 2014, upon consideration of Plaintiffs' "Motion for a Protective Order Barring Defendant's Third Set of Interrogatories" (doc. no. 152), and Defendant's response, we find as follows:

**I.   <u>FACTUAL AND PROCEDRUAL HISTORY</u>**

1. Defendant Judge Technical Services, Inc. is a staffing company that places individuals with specialized technical knowledge into temporary employment positions. Placement is effectuated through recruiters, who locate individuals and match them with available job opportunities. (Mem. Op., 10/25/2013, p. 2.) On November 3, 2011, Plaintiff Jones filed this Fair Labor Standards Act ("FLSA") collective action challenging the legality of Defendant's "Professional Day" and "Professional Week" pay structures. Under the "Professional Day" agreement, an employee "will not be paid for more than eight hours in a day, unless that employee works more than ten hours in a day. If the employee works more than ten hours in a day and the manager approves, the employee will be entitled to be paid an additional fee for services provided after the 11th hour." Under the "Professional Week" plan, employees receive a set hourly rate for every hour worked up

1

to forty hours per week, and receive no additional compensation for hours worked in excess of forty hours per week.  Defendant designated employees working under either structure as exempt from the FLSA's overtime provisions under § 213(a)(17)'s computer employee exemption.  (Id. at 2-3.)

2.  On October 25, 2013, we denied Defendant's motion for summary judgment, concluding that the "Professional Day" and "Professional Week" pay plans violate the FLSA. Shortly thereafter, we approved the issuance of notice to the following individuals:

> All current and former workers employed by The Judge Group, Inc.
> and assigned to a "Professional Day" or "Professional Week" Pay Plan
> who worked in excess of forty hours in a given week at any time from
> (3 years before the facilitation of notice), to the present.

Following the Court's Order, 51 Plaintiffs have opted into the collective action.

3.  On April 16, 2014, following a status conference, we established May 31, 2014 as the deadline for the parties to respond to written discovery.  On May 8, 2014, Defendant propounded its third set of interrogatories, consisting of two contention interrogatories, on each class member.[1]  After unsuccessfully requesting that Defendant withdraw its third set of interrogatories, Plaintiffs filed this motion for a protective order.

## II.  <u>LEGAL STANDARD</u>

4.  Federal Rule of Civil Procedure 26 delineates the scope of discovery as follows: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).  Pursuant to Rule 26(b)(2), by order, "the court may alter the limits in these rules on the number of depositions and interrogatories

---

[1] The interrogatories consisted of the following questions: (1) "Is it your contention that Judge's alleged failure to pay you overtime compensation constituted a willful violation of the Fair Labor Standards Act? If so, please list all facts that support your contention?" (2) "Is it your contention that Judge failed to act in good faith pursuant to § 260 of the Fair Labor Standards Act?"  (Pls.' Mot., Ex. B.)

or on the length of depositions . . . ." Fed. R. Civ. P. 26(b)(2)(A).  Motions for a

protective order are governed by Rule 26(c) of the Federal Rules of Civil Procedure,

which provides that "[a] party or any person from whom discovery is sought may move

for a protective order," and authorizes the court, for good cause shown, to issue a

protective order "to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense."  Fed.R.Civ.P. 26(c); see Kuhns v. City of

Allentown, 264 F.R.D. 223, 227 (E.D. Pa. 2010).  "In the context of discovery . . . a party

wishing to obtain an order of protection over discovery material must demonstrate that

'good cause' exists for the order of protection." Pansy v. Borough of Stroudsburg, 23

F.3d 772, 786 (3d Cir. 1994).

## III.   **DISCUSSION**

5. Plaintiffs challenge Defendant's third set of interrogatories, averring that Defendant is not

    entitled to seek unlimited individual discovery of an entire opt-in class, and emphasizing

    that such discovery is rarely appropriate in FLSA cases.  (Pls.' Mot. for Protective Order

    4.)   Plaintiffs argue that we should excuse the class members from answering

    Defendant's interrogatories because: (1) our April 16, 2014 Order did not authorize

    Defendant to issue further, additional or supplemental discovery; (2) Defendant did not

    timely disclose its intention to seek individual discovery from the class members; (3)

    piecemeal, individual discovery is disfavored in collective actions; and (4) Defendant's

    requests are unduly burdensome, harassing, and would require class members to make

    legal conclusions of willfulness and good faith.  (Id. at 4-6.)

6. Responding to Plaintiffs' first and second argument, Defendant asserts that the Federal

    Rules of Civil Procedure require only that a party must appear at a Rule 26(f) conference

before seeking discovery. (Def.'s Opp'n to Pls.' Mot. for Protective Order 9-10); <u>see</u> Fed. R. Civ. P. 26 ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."). Regarding Defendant's decision to serve written discovery individually, Defendant underscores the statistical difficulties of achieving a representative sample when a class consists of only approximately 50 individuals. (<u>Id.</u>) Lastly, Defendant notes that contention interrogatories, which seek an explanation of the facts underlying Plaintiffs' legal claims, are a standard discovery tool and not especially burdensome in this case. (<u>Id.</u>)

7. We are not persuaded by Plaintiffs' arguments. While we do not agree with Defendant that individual discovery <u>must</u> be permitted in an FLSA action of this size, we find that the burden to Plaintiff in this instance is relatively small and outweighed by Defendant's right to seek limited information related to Plaintiffs' claims. Regarding Plaintiffs' first and second contentions, we note Defendant issued its two interrogatories three weeks prior to the scheduled close of written discovery and shortly after learning that willfulness and good faith would be at issue. With respect to its third and fourth arguments, the cases that Plaintiffs cite involve different circumstances than those before us. For example, Plaintiffs discuss <u>Scott v. Bimbo Bakeries USA, Inc.</u>, 2012 WL 6151734 (E.D. Pa. Dec. 11, 2012), in which we limited discovery to a representative sample of opt-in plaintiffs in an effort to discourage unnecessarily costly and burdensome individualized discovery. However, in <u>Scott</u>, 650 plaintiffs had opted into the collective action. <u>Id.</u> at *1. Our decision to limit the defendant's written discovery requests to ten percent of the plaintiff class yielded a sampling larger than the entire 52 person class in this case. Moreover, we found the circumstances in <u>Scott</u> to be "easily distinguishable"

from those permitting individualized discovery, finding that such cases involved "significantly fewer opt-in plaintiffs than the 650 . . . at hand." Id. at *5.[2] Addressing Stickle v. SCI W. Mkt. Support Ctr., L.P., 2010 WL 3218598 (D. Ariz. Aug. 13, 2010), in which the defendant was permitted to serve interrogatories individually on approximately 1,400 collective action members, we reasoned that "[t]he Stickle court did not find the large number of interrogatories overly burdensome, because . . . such interrogatories only required answering eleven straightforward questions . . . ." Scott, 2012 WL 6151734 at *5 (E.D. Pa. Dec. 11, 2012) (emphasis added).[3] Here, Plaintiffs are required to answer two new interrogatories.

8. We are also not persuaded by Plaintiffs' contention that the scope of Defendant's interrogatories is inappropriate. While Plaintiffs assert that Defendant improperly requires class members to make legal conclusions of willfulness and good faith, Federal Rule of Civil Procedure 33 states that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to . . . the application of law to fact . . . ." Fed. R. Civ. P. 33(a)(2).

---

[2] The cases that we examined in Scott involved classes larger than the 52 currently before us. See Abubakar v. City of Solano, 2008 WL 508911 (E.D. Cal. Feb. 22, 2008) (160 opt-in plaintiffs); Coldiron v. Pizza Hut, Inc., 2004 WL 2601180 (C.D. Cal. Oct. 25, 2004) (306 opt-in plaintiffs); Krueger v. N.Y. Tel. Co., 163 F.R.D. 446 (S.D.N.Y.1995) (162 opt-in plaintiffs); and Kaas v. Pratt & Whitney, 1991 WL 158943 (S.D. Fla., Mar. 18, 1991) (approximately 100 opt-in plaintiffs).

[3] In addition, Plaintiffs reference Craig v. Rite Aid Corp., 2011 WL 9686065 (M.D. Pa. Feb. 7, 2011), which differs significantly from this case. The Craig court declined to adopt the discovery plan put forward by the defendants, finding the use of individualized interrogatories on over 1,000 opt-in plaintiffs as "prohibitively expensive, overly burdensome, and ultimately unnecessary." Craig v. Rite Aid Corp., 2011 WL 9686065 at *4 (M.D. Pa. Feb. 7, 2011).

9. Finally, we will deny Defendant's request for attorneys' fees and costs associated with responding to Plaintiffs' motion.  Federal Rule of Civil Procedure 37(a)(5) provides that after granting a motion to compel, a court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion unless:

. . .

> (ii)   the opposing party's nondisclosure, response, or objection was substantially justified; or

> (iii)   other circumstances make the award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).  Substantial justification has been described in connection with Rule 37 as "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the . . . request." Grider v. Keystone Health Plan Cent., Inc., 580 F.3d 119, 140 n.23 (3d Cir. 2009) (quoting Tolerico v. Home Depot, 205 F.R.D. 169, 175 (M.D. Pa. 2002)).  Here, because there is genuine disagreement amongst courts as to the proper scope of class discovery in FLSA actions, we find that parties could reasonably disagree as to the propriety of Defendant's request, and thus Plaintiffs' objection was substantially justified.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiffs' motion is **DENIED**.  Plaintiffs shall respond to the two propounded interrogatories by the end of the discovery period on September 15, 2014.

**IT IS FURTHER ORDERED** that Defendant's request for attorneys' fees and costs is **DENIED**.

BY THE COURT:

/s/ Mitchell S. Goldberg

_____

Mitchell S. Goldberg, J.